UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-857-H

WILLIAM WEBB                                                                                              PLAINTIFF

V.

HUMANA INC.,                                                                                            DEFENDANTS
HUMANA INSURANCE CO., &
WILLIAM BROWN

**MEMORANDUM OPINION AND ORDER**

Plaintiff brought this action in Jefferson County (Kentucky) Circuit Court alleging various forms of workplace discrimination based on Plaintiff's disability. Defendants removed to this Court on the basis of diversity jurisdiction. Plaintiff now moves to remand, alleging that complete diversity does not exist because Plaintiff and Defendant Brown are both residents of Kentucky. This motion present an interesting application of the doctrine of fraudulent joinder. The Court concludes that after Defendants confirmed an improper joinder through discovery, removal was appropriate and the motion to remand should be denied.

**I.**

Plaintiff was employed by Humana Insurance Co. in 2008 when he was diagnosed with a serious medical condition requiring extensive treatment and necessitating significant time off work. Subsequently, Plaintiff exhausted his accrued paid and sick leave with Humana. When Plaintiff's absences continued, his then supervisor, Defendant Brown, approached him to discuss the situation. Brown informed Plaintiff that continued absences could not be tolerated and placed Plaintiff on a Competency and Contribution Improvement Plan ("CCIP"), which

1

instructed Plaintiff that additional absences could result in his termination. Brown attempted to get Plaintiff to sign the CCIP letter, but Plaintiff refused on several occasions. Eventually, Plaintiff signed the form to acknowledge that this information had been shared with him.

In late 2008, Plaintiff was recovering from a medical procedure and was on significant quantities of medications. Unfortunately, many of those medications caused him additional problems and Plaintiff was again forced to miss work. Brown telephoned Plaintiff to discuss the situation and Plaintiff informed him that he physically could not work. Although it is unclear how exactly the conversation came about, it appears that Brown informed Plaintiff of two options: (1) Plaintiff could resign and have the possibility of being rehired once he got healthy; or (2) Humana would be forced to terminate him. Plaintiff chose to resign his position and applied for long-term disability, which was granted.

Plaintiff originally filed this action on January 16, 2009, in Jefferson Circuit Court. That complaint only contained allegations against Humana, Inc. On February 13, 2009, Plaintiff filed his First Amended Complaint, naming Humana Insurance Co., Humana, Inc., and Brown as Defendants. The two Humana entities are diverse from Plaintiff, but Brown, like Plaintiff, is a resident of Kentucky. In his amended complaint, Plaintiff alleges that he was constructively discharged and that "the Defendants' actions constitute unlawful retaliation in violation of Kentucky Revised Statutes, Chapter 344 § 280 *et. seq.*" (First Amended Compl. ¶ 29.) He further alleged that "Brown is individually liable for his role in retaliating against Webb." *Id.* Subsequent discovery was conducted, including the deposition of Plaintiff on September 24, 2009. Within thirty days of that deposition, Defendants removed to this Court on the basis of diversity jurisdiction, arguing that Plaintiff's deposition revealed undisputed facts showing that

no viable claim against Brown exists and, therefore, Brown was fraudulently joined. Plaintiff has not responded to this argument.

## II.

"To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). This is not an easy burden for the removing party to meet. As the Sixth Circuit explained,

> [I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party." . . . All doubts as to the propriety of removal are resolved in favor of remand.

*Id.* (quoting *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

Generally, the Court looks only to the Complaint to determine whether a viable claim against a non-diverse defendant exists. This is in keeping with the general rule that removal jurisdiction is determined by the Complaint. However,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). In the Sixth Circuit, "a plaintiff's responses to deposition questioning may constitute an 'other paper' under Section 1446(b)." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002). The Circuit explained that "this holding discourages disingenuous pleading by plaintiffs in state court to avoid removal." *Id.* (quoting *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000)). Here, Defendants assert that Plaintiff's answers to

3

deposition questions clearly show that Plaintiff has no viable retaliation claim against Brown and, therefore, Brown was fraudulently joined. In his Motion to Remand, Plaintiff does not address this argument. Rather, Plaintiff asserts only that an individual may be liable for retaliation. While this is a correct statement of Kentucky law, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000) ("The Kentucky retaliation statute plainly permits the imposition of liability on individuals."), the mere possibility of liability under appropriate facts does not mean that this case must be remanded. Rather, the Court looks to the Complaint and Plaintiff's deposition to determine if a viable claim against Brown exists, resolving all factual disputes in favor of Plaintiff.

A retaliation claim under Kentucky law requires proof that: (1) Plaintiff engaged in a protected activity; (2) that activity was known by Defendants; (3) Plaintiff suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *E.E.O.C. v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir. 1997). In this case, the alleged protected activity is complaining about Browns' harassment of Plaintiff based on his disability. However, Plaintiff testified in his deposition that he never complained to anyone in management or a supervisory position that he was being discriminated against because of his disability. In fact, when asked, "are you claiming that Mr. Brown did something to you in retaliation for complaining about discrimination," Plaintiff responded, "I didn't get to that point." Thus, it is undisputed that Plaintiff did not engage in the alleged protected activity.[1] If Plaintiff engaged in no protected activity, there can be no colorable

---

[1] It is essential that Plaintiff admits he did not engage in a protected activity. In many cases, the defendant may put forth evidence tending to show an element of the plaintiff's case cannot be proven. Such evidence, however, would go toward summary judgment, not removal, because all factual disputes must be resolved in favor of the non-removing party. Thus, if the plaintiff disputed the lack of evidence to support his claim, remand would be

4

retaliation claim against Brown. Therefore, removal was appropriate. *See Coyne*, 183 F.3d at 493 ("Upon review of the record, we find that there was sufficient evidence for the district court to conclude that Plaintiffs could not have established a cause of action against the non-diverse Defendants under state law, thereby permitting removal of this action to federal court.").[2]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is DENIED and Plaintiff's claims against Defendant Brown are DISMISSED WITH PREJUDICE.

This is not a final and appealable order.

cc: Counsel of Record

---

necessary. *See Taylor v. Toys "R" Us-Delaware, Inc.*, No. 5:09-CV-280-KKC, 2010 WL 231683, at *3 (E.D. Ky. Jan. 13, 2010) ("If the assertions by [the defendants] are accepted as true, the Plaintiff's retaliation claim against [the non-diverse defendant] cannot survive. However, the Plaintiff's assertion in her Complaint that [the defendant] did terminate her creates a sufficient factual dispute that must be resolved in favor of the Plaintiff. If [the non-diverse defendant] did, in fact, take part in the decision to terminate the Plaintiff, then she could be liable under the Kentucky Civil Rights Act for retaliation. Accordingly, the Court cannot find that [the non-diverse defendant] was fraudulently joined."). Here, however, removal is appropriate because the facts necessary for a viable retaliation claim against Brown are undisputedly absent.

[2] Defendants also contend that Humana, Inc. should be dismissed because it was not Plaintiff's employer. However, there has been no motion to dismiss related to Humana, Inc. and the parties have not fully briefed the issue. Therefore, the Court will not consider Defendants' argument at this time.